# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 4, 2011

Lyle W. Cayce
Clerk

No. 10-40321
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUO WEI, also known as Guo Hai, also known as Hai Gou, also known as Guo
Hei, also known as Huang Zhu, also known as Zhu Huang, also known as Ah
Lung, also known as Guo Ah-Lung,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-1015-1

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

Guo Wei (Guo) appeals the 51-month sentence imposed following his guilty
plea conviction for illegal reentry after deportation. He argues that the
sentence, which is at the top of his advisory guidelines range, was unreasonable
and resulted from the district court's incorrect application of the Sentencing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-40321

Guidelines and improper assessment of the sentencing factors set forth in 18 U.S.C. § 3553(a).

Guo has established no error in connection with the district court's application of the Guidelines. Although the court did not expressly mention its consideration of the § 3553(a) sentencing factors, a mechanical recitation was unnecessary. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). The court considered Guo's apology and counsel's arguments in mitigation, including Guo's motive for returning to this country, the remoteness of his earlier conviction, his young age at the time of the conviction, and the absence of any subsequent criminal history until the instant, nonviolent illegal-reentry offense. Guo's belief that these mitigating factors should have been balanced differently does not suffice to disturb the presumption of reasonableness that attaches to his within-guidelines sentence on appellate review. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008) (upholding the presumption of reasonableness of a within-guidelines sentence where the appellant argued that the Guidelines overstated the seriousness of his offense and that his motive for returning and cultural assimilation justified a sentence below the guidelines range).

Accordingly, the judgment of the district court is AFFIRMED.