# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 23, 2011

Lyle W. Cayce
Clerk

No. 10-40392
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ROBERTO VARGAS-MAYA,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-2838-1

Before GARWOOD, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Roberto Vargas-Maya pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and in April 2010 was sentenced to 63 months of imprisonment and three years of supervised release.[1] He challenges only the *substantive* reasonableness of his sentence, arguing that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The district court accepted the PSR's unobjected to advisory guideline calculation of 63 to 78 months' imprisonment range and supervised release term of up to three years. No challenge is made on appeal to the calculation of the advisory guideline range.

his sentence is unreasonable because the district court gave excessive weight to his October 2000 conviction of residential burglary, committed in August 2000, that resulted in a 16-level enhancement under U.S.S.G. § 2L1.2. He argues that the enhancement was excessive because of the age of the offense and the fact that he committed the offense when he was only 19 years old. He also argues that the district court placed excessive weight on his prior trespass and firearms convictions.

If a defendant fails to object to an error at sentencing, we will review the district court's actions for plain error only. *Puckett v. United States*, 129 S. Ct. 1423, 1428-29 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). The arguments made by Vargas-Maya at his sentencing hearing concerning the age of his burglary conviction and his youth were made in support of his request for a downward variance. Although he did argue in the district court that his sentence was greater than necessary to satisfy the factors under 18 U.S.C. § 3553(a), he did not make the specific arguments he now makes on appeal in support of that contention. The Government argues that because Vargas-Maya did not object in the district court on the specific grounds he raises on appeal, plain error review arguably applies. Vargas-Maya argues that the standard of review reflects the level of scrutiny applied to a particular "claim" and not the "arguments" made in support of that claim. He contends that the arguments in his brief are simply "elaborations" of arguments he made in the district court. We need not resolve this issue because Vargas-Maya has failed to show any error at all, plain or otherwise.

Although Vargas-Maya challenges the application of the appellate presumption of reasonableness to sentences imposed under § 2L1.2, he acknowledges that the issue is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

It is not unreasonable to impose an enhancement under § 2L1.2 even when the enhancing conviction is too old to receive criminal history points. *See* § 2L1.2, comment. (n.(1)(B)(vii)) (indicating that the date of the predicate conviction is not a relevant inquiry for purposes of § 2L1.2).[2]  Similarly, a sentence is not unreasonable due to the defendant's young age at the time of the prior enhancing conviction.  *See United States v. Wei*, No. 10-40321, 2011 WL 409014 (5th Cir. Feb. 4, 2011).

The district court considered Vargas-Maya's prior criminal trespass and firearms convictions in the context of weighing the factors of danger to the community and promotion of respect for the law, noting that Vargas-Maya had continued to break the law after his burglary conviction and had a loaded firearm in a vehicle (which was under his seat and which he reached for when the police stopped the vehicle).[3]  Vargas-Maya has not shown that the district court's balancing of these factors "represents a clear error of judgment."  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010).  Accordingly, he has failed to rebut the presumption of reasonableness.  *See Rita v. United States*, 551 U.S. 338, 347 (2007).  Vargas-Maya has shown no error, plain or otherwise, with respect to the substantive reasonableness of his sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  Accordingly, the judgment of the district court IS AFFIRMED.

---

[2] And, here the October 2000 residential burglary conviction was not too old to receive criminal history points.

[3] And, we also note that the unchallenged PSR reflects that Vargas-Maya has some 19 different aliases and the PSR lists four different dates of birth for him in addition to the primary listed date of March 2, 1981, and the PSR also reflects several different prior illegal entries into this country, followed by apprehension and voluntary removal in 1999, followed by illegal reentry in 2000 and deportation in 2001, followed by illegal reentry in 2002 and deportation in 2008 (following his firearms offense sentence) and illegal reentry in November 2009.

3